[Cite as *Sheeter v. Ohio Dept. of Transp., Dist. 1*, 2010-Ohio-2033.]

# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

PAUL A. SHEETER

    Plaintiff

    v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 1

    Defendant

    Case No. 2009-08438-AD

Deputy Clerk Daniel R. Borchert

<u>MEMORANDUM DECISION</u>

FINDINGS OF FACT

{¶ 1} On September 10, 2009, plaintiff, Paul A. Sheeter, was traveling east on US Route 30 "between Van Wert and Delphos" at approximately milemarker 14.0 when his 2005 Chevrolet Trailblazer struck debris in the roadway causing substantial damage to the vehicle. Plaintiff described the damage-causing debris as a "tarp-strap." According to plaintiff, the "tarp strap" punctured and became embedded in the back right tire of his vehicle and by the time he could safely pull over to the roadway berm the embedded "tarp strap" had damaged the "passenger tail-light, scratched and dented the passenger rear door, the passenger rear quarter panel, the rear bumper wrap-around, and the edges of the rear (passenger) wheel-well on my 2005 Chevrolet Trailblazer." Plaintiff asserted the damage to his vehicle was proximately caused by negligence on the part of defendant, Department of Transportation (ODOT), in failing to maintain the roadway free of hazardous debris conditions. Plaintiff filed this complaint seeking to recover damages in the amount of $1,118.04, the stated cost of repairs to his 2005 Chevrolet Trailblazer. The filing fee was paid.

{¶ 2} Defendant denied liability based on the contention that no ODOT personnel had any knowledge of the particular debris condition on the roadway prior to August 14, 2009. Defendant's records show that no calls or complaints were received regarding debris on the specific roadway area which ODOT located at "milepost 14.0 on US 30 in Van Wert County." Defendant suggested that "the debris existed in that location for only a relatively short amount of time before plaintiff's incident." Defendant contended that plaintiff did not produce any evidence to establish the length of time that the damage-causing debris existed on the roadway prior to August 14, 2009.

{¶ 3} Defendant expressed the opinion that the damage-causing object was deposited on the roadway by an unidentified third party. Therefore, defendant argued that ODOT generally cannot be held liable for the acts of an unknown third party motorist. Furthermore, defendant asserted that plaintiff failed to offer any evidence his damage was caused by any conduct attributable to ODOT personnel. Defendant explained that the ODOT "Van Wert County Manager conducts roadway inspections on all state roadways within the county on a routine basis, at least one to two times a month." Apparently, no debris was discovered at milepost 14.0 on US Route 30 the last time that section of roadway was inspected prior to August 14, 2009. Defendant related that ODOT conducts frequent litter patrols on US Route 30 noting "litter patrols were performed on US 30 and (ODOT crews) had been there nine days before plaintiff's incident." Defendant stated that "if ODOT personnel had found any debris it would have been picked-up." Defendant contended plaintiff failed to prove his property damage was caused by ODOT breaching any duty of care owed to the traveling public.

CONCLUSIONS OF LAW

{¶ 4} For plaintiff to prevail on a claim of negligence, he must prove, by a preponderance of the evidence, that defendant owed him a duty, that it breached that duty, and that the breach proximately caused his injuries. *Armstrong v. Best Buy Company, Inc.,* 99 Ohio St. 3d 79, 2003-Ohio-2573,¶8 citing *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St. 3d 75, 77, 15 OBR 179, 472 N.E. 2d 707. Plaintiff has the burden of proving, by a preponderance of the evidence, that he suffered a loss and that this loss was proximately caused by defendant's negligence. *Barnum v. Ohio State University* (1977), 76-0368-AD. However, "[i]t is the duty of a party on whom the burden of proof rests to produce evidence which furnishes a reasonable basis for

sustaining his claim. If the evidence so produced furnishes only a basis for a choice among different possibilities as to any issue in the case, he fails to sustain such burden." Paragraph three of the syllabus in *Steven v. Indus. Comm.* (1945), 145 Ohio St. 198, 30 O.O. 415, 61 N.E. 2d 198, approved and followed. This court, as the trier of fact, determines questions of proximate causation. *Shinaver v. Szymanski* (1984), 14 Ohio St. 3d 51, 14 OBR 446, 471 N.E. 2d 477.

{¶ 5} Defendant has the duty to maintain its highways in a reasonably safe condition for the motoring public. *Knickel v. Ohio Department of Transportation* (1976), 49 Ohio App. 2d 335, 3 O.O. 3d 413, 361 N.E. 2d 486. However, defendant is not an insurer of the safety of its highways. See *Kniskern v. Township of Somerford* (1996), 112 Ohio App. 3d 189, 678 N.E. 2d 273; *Rhodus v. Ohio Dept. of Transp.* (1990), 67 Ohio App. 3d 723, 588 N.E. 2d 864.

{¶ 6} To prove a breach of the duty by defendant to maintain the highways, plaintiff must establish, by a preponderance of the evidence, ODOT had actual or constructive notice of the precise condition or defect alleged to have caused the accident. *McClellan v. ODOT* (1986), 34 Ohio App. 3d 247, 517 N.E. 2d 1388. Defendant is only liable for roadway conditions of which it has notice, but fails to reasonably correct. *Bussard v. Dept. of Transp.* (1986), 31 Ohio Misc. 2d 1, 31 OBR 64, 507 N.E. 2d 1179.

{¶ 7} Defendant professed liability cannot be established when requisite notice of the damage-causing conditions cannot be proven. There is no evidence to prove that defendant had actual notice of the debris. Additionally, there is no evidence to establish that defendant had constructive notice of the debris. Plaintiff has not produced evidence to indicate the length of time that the damage-causing object was on the roadway prior to the incident forming the basis of this claim. The trier of fact is precluded from making an inference of defendant's constructive notice, unless evidence is presented in respect to the time that the debris appeared on the roadway. *Spires v. Ohio Highway Department* (1988), 61 Ohio Misc. 2d 262, 577 N.E. 2d 458.

{¶ 8} "[C]onstructive notice is that which the law regards as sufficient to give notice and is regarded as a substitute for actual notice or knowledge." *In re Estate of Fahle* (1950), 90 Ohio App. 195, 197-198, 48 O.O. 231, 105 N.E. 2d 429. "A finding of constructive notice is a determination the court must make on the facts of each case not

simply by applying a pre-set time standard for the discovery of certain road hazards." *Bussard*, at 4. "Obviously, the requisite length of time sufficient to constitute constructive notice varies with each specific situation." *Danko v. Ohio Dept. of Transp.* (Feb. 4, 1993), Franklin App. 92AP-1183. In order for there to be a finding of constructive notice, plaintiff must prove, by a preponderance of the evidence, that sufficient time has elapsed after the dangerous condition appears, so that under the circumstances defendant should have acquired knowledge of its existence. *Guiher v. Dept. of Transportation* (1978), 78-0126-AD; *Gelarden v. Ohio Dept. of Transp., Dist. 4*, Ct. of Cl. No. 2007-02521-AD, 2007-Ohio-3047. Plaintiff, in the instant claim, has failed to prove that defendant had any notice of the damage-causing object prior to his incident.

{¶ 9} Evidence in the instant action tends to show that plaintiff's damage was caused by an act of an unidentified third party, not ODOT. Defendant has denied liability based on the particular premise that it had no duty to control the conduct of a third person except in cases where a special relationship exists between defendant and either plaintiff or the person whose conducts needs to be controlled. *Federal Steel & Wire Corp. v. Ruhlin Const. Co.* (1989), 45 Ohio St. 3d 171, 543 N.E. 2d 769. However, defendant may still bear liability if it can be established if some act or omission on the part of ODOT was the proximate cause of plaintiff's injury. Plaintiff has failed to prove, by a preponderance of the evidence, that defendant failed to discharge a duty owed to him or that his injury was proximately caused by defendant's negligence. Plaintiff failed to show that the damage-causing object was connected to any conduct under the control of defendant, or any negligence on the part of defendant. *Taylor v. Transportation Dept.* (1998), 97-10898-AD; *Weininger v. Department of Transportation* (1999), 99-10909-AD; *Witherell v. Ohio Dept. of Transportation* (2000), 2000-04758-AD. Plaintiff has not submitted conclusive evidence to prove a negligence act or omission on the part of defendant caused the damage to his vehicle. *Hall v. Ohio Department of Transportation* (2000), 99-12863-AD.

Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

PAUL A. SHEETER

     Plaintiff

     v.

OHIO DEPARTMENT OF TRANSPORTATION, DISTRICT 1

     Defendant

     Case No. 2009-08438-AD

Deputy Clerk Daniel R. Borchert

## ENTRY OF ADMINISTRATIVE DETERMINATION

Having considered all the evidence in the claim file and, for the reasons set forth in the memorandum decision filed concurrently herewith, judgment is rendered in favor of defendant. Court costs are assessed against plaintiff.

_____
DANIEL R. BORCHERT
Deputy Clerk

Entry cc:

Paul A. Sheeter
227 W. Clime Street
Lot #33
Delphos, Ohio  45833

Jolene M. Molitoris, Director
Department of Transportation
1980 West Broad Street
Columbus, Ohio  43223

RDK/laa
1/11
Filed 1/27/10

Sent to S.C. reporter 5/7/10